```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF OHIO
                              EASTERN DIVISION



LISA SHIVELY                           )      Case No. 5:11 cv 2398
561 Woodhaven Dr.                      )
Uniontown, OH  44685                   )
On her own behalf and                  )
on behalf of her minor child,          )
T.S.                                   )
                                       )      JUDGE BENITA PEARSON
and                                    )
                                       )
JAMES SHIVELY                          )
561 Woodhaven Dr.                      )
Uniontown, OH  44685                   )
On his own behalf and                  )
on behalf of his minor child,          )
T.S.                                   )
                                       )
     Plaintiffs,                       )
                                       )      AMENDED COMPLAINT
                                       )      WITH JURY DEMAND
-vs-                                   )
                                       )
GREEN LOCAL SCHOOL DISTRICT            )
BOARD OF EDUCATION                     )
1755 Town Park Blvd.                   )
Green, OH  44232                       )
                                       )
and                                    )
                                       )
MICHAEL NUTTER                         )
1755 Town Park Blvd.                   )
Green, OH  44232                       )
In his official and                    )
individual capacities                  )
                                       )
and                                    )
                                       )
WADE LUCAS                             )
1755 Town Park Blvd.
```

```
Green, OH  44232                )
In his official and
individual capacities           )
                                )
and
                                )
CINDY BROWN
1474 Boettler Rd.               )
Uniontown, OH  44685
In her official and             )
individual capacities
                                )
and
                                )
MARK BOOTH
1755 Town Park Blvd.            )
Green, OH  44232
In his official and             )
individual capacities
                                )
and
                                )
JEFF MILLER
1755 Town Park Blvd.            )
Green, OH  44232
In his official and             )
individual capacities
                                )
and
                                )
JEFF WELLS
1755 Town Park Blvd.            )
Green, OH  44232
In his official and             )
individual capacities
                                )
and
                                )
JOHN DOES 1-10
Addresses Unknown               )

     Defendants.                )
```

## INTRODUCTION

1.  This is a complaint brought by private citizens, on their own behalf and on behalf of their minor daughter, against a public

entity and several of its officials and employees for redress of violations of plaintiffs' civil rights.  The complaint seeks declaratory, injunctive and monetary relief.  This Amended Complaint is being filed pursuant to Fed.Civ.R. 15(a)(2) and this Court's order of May 15, 2012 permitting the filing of the Amended Complaint.

JURISDICTION

2.  Jurisdiction is invoked pursuant to 42 U.S.C. Section 2000e and 28 U.S.C. Sections 1343(3) and (4).  Claims are asserted pursuant to the Fourteenth Amendments to the U.S. Constitution, 20 U.S.C. Section 1681, 42 U.S.C. Section 2000(d) and 42 U.S.C. Section 1983.  To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. Sections 2201 and 2202. Supplemental state claims are asserted pursuant to 28 U.S.C. Section 1167, state statutes and state common law.

PARTIES

3.  Plaintiffs Lisa and James Shively are residents of Uniontown, Ohio in Summit County within the Northern District of Ohio.  They are the parents of T.S., age 14, who was at all relevant times a minor and a student in the Green Local School District in Green, Ohio. They are suing on their own behalf and on behalf of T.S. their natural daughter.

4.  Defendant Green Local School District Board of Education is a public entity which, acting under color of law, is responsible

for the formulation and implementation of all official governmental laws, policies, regulations and procedures in effect for the Green Local School District.

5. Defendants Michael Nutter and Wade Lucas were, at all relevant times the Superintendents of the Green Local School District; in that capacity, acting under color of law, they have been responsible for the implementation of all official governmental laws, policies, regulations and procedures governing the Green Local School District. They are sued in their official and individual capacities.

6. Defendant Cindy Brown was at all relevant times a full-time employee of the Green Local School District, serving as the Principal of Green High School; in that capacity, acting under color of law, she is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing Green High School. She is sued in her official and individual capacities.

7. Defendants Mark Booth, Jeff Miller and Jeff Wells were at all relevant times, full-time employees of defendant Green Local School District Board of Education, serving in the capacities of principals at Green Intermediate School and Green Middle School, and assistant principal at Green Middle School, respectively; in those capacities, acting under color of law, are responsible for the implementation of all official governmental laws, policies, regulations and procedures governing their roles as principals of public schools. They are sued in their official and individual

capacities.

8. Defendants John Doe 1-10 are individuals, whose identities are currently unknown, who are officials and/or employees of the Green Local District Board of Education, who knew or should have known about the bullying of T.S. and failed to adequately address the situation.

## FACTS

9. Plaintiffs Lisa and James Shively are residents of Uniontown, Ohio in Summit County, which is within the Northern District of Ohio. Their daughter, T.S. is a minor, age 14, and was at all relevant times a student in the Green Local School District.

10. Plaintiff T.S. is Jewish and there are very few Jews who attend the Green Local School District.

11. For many years, T.S. has endured harassment and bullying at school at the hands of numerous other students, much of it based on her religion.

12. This harassment and bullying has taken the form of constant name-calling, harassment based on her religion, teasing and verbal intimidation and on several occasions, physical violence directed toward T.S.

13. Specific examples of the bullying and harassment aimed at T.S. include the following:

a) Students regularly said she would "rot in Hell" because she did not believe in Jesus Christ; she was regularly called a "dirty Jew" or "Hitler;"

5

b) Several times she was knocked into lockers while walking through the hallways of school;

c) She was tripped, shoved, hit, kicked, had her books knocked out of her hands on a regular basis;

d) In September, 2007, T.S. was stabbed in the leg with a pencil during class; T.S. had to be transported to an urgent-care center, where the tip of the pencil was removed from her leg with a scalpel;

e) In April, 2008, Mrs. Shively informed defendant Wade Lucas, then the superintendent of schools, that she would keep T.S. out of school until the bullying situation was addressed; Mrs. Shively kept T.S. out of school for one week, but eventually brought her back to school when nothing was done to address the situation;

f) In September and October, 2008, T.S. was verbally harassed on a daily basis, called "a fucking Jew" by several boys as she got on the bus; the bus driver never disciplined the boys or filed any sort of report to the school district;

g) On October 14, 2008, two boys spat on T.S. on the bus.

h) In November, 2009, T.S. was assaulted by a boy in the choir room at school, causing T.S. to have to be taken to the hospital and to wear crutches for several weeks.  After the incident, the boy who assaulted T.S. and others continued to verbally harass and threaten T.S., telling her they would break her crutch over her head;

i) In October, 2010, several students created a Facebook page,

entitled, "If you think T.S. is a whore and needs to go back to 8th grade, join!"  The mother of one of the girls who created the page posted comments on the page;

j) In January, 2011, two students at Green High School created a "kill list" which included T.S.'s name as a target for being killed or hurt.  While school officials assured Mrs. Shively that the perpetrators would never be able to set foot in the high school again, one of the perpetrators was seen by T.S. in the cafeteria just three weeks after the incident;

k) On August 24, 2011, the first day of the current school year, T.S. was helping with a "Club Fair," a program meant to showcase the various clubs students can join, when students began shouting "Jew" at her from across the cafeteria;

l) On September 20, 2011, a female student approached T.S. in the cafeteria in front of other students and called T.S. a "whore," among other names;

m) On September 30, 2011, T.S. endured an entire day of teasing and harassment from students between and during class. T.S. came home in tears.

14.  On October 3, 2011, Mrs. Shively informed school officials that T.S. could no longer attend Green High School because of the bullying and the school's failure to respond to it.

15.  The defendants knew or should have known about this constant harassment.

16.  The defendants knew about the harassment because plaintiff Lisa Shively, T.S.'s mother, visited, e-mailed and called

7

whichever school T.S. was attending at the time on numerous occasions to complain about the bullying, to ask that something be done, and to warn school officials that T.S. was depressed because of the constant harassment; on several occasions, Mrs. Shively contacted law enforcement authorities, including a resource officer who worked inside the school.

17. During the 2007-2008 school year, when T.S. was in fifth grade, she went to a guidance counselor to seek his help from the bullying; the guidance counselor did nothing to address the situation.

18. On several occasions during the 2008-2009 school year, when Lisa Shively complained to defendant Mark Booth, principal of Green Intermediate School, defendant Booth told Mrs. Shively that T.S. should fight a boy who was bullying her, and on another occasion defendant Booth told Mrs. Shively that T.S. enjoyed the attention.

19. Despite being told repeatedly about the bullying and harassment, defendants did nothing to stop or diminish the harassment, nor did they punish or discipline the perpetrators, despite the fact that the defendants were told by Lisa Shively and T.S. who the perpetrators were and despite the fact that the school district has a clear policy prohibiting bullying, harassment and discrimination based on religion.

20. The defendants' prior knowledge of the fact that T.S. was being regularly bullied and harassed and their failure to intervene, and their failure to act to curtail bullying and

8

harassment constitutes deliberate indifference in violation of T.S.'s rights.

21. The defendants' actions and omissions, in knowing that T.S. was regularly bullied and harassed and their failure to intervene, effectively deprived T.S. of access to the school's resources and opportunities and were clearly unreasonable in light of the known circumstances.

22. The actions and omissions of the defendants were similar in nature, repeatedly continued over time and the effects of those violations are still being felt today.

23. Due to the actions and omissions of the defendants, jointly and severally, T.S. became so depressed that on or about October 3, 2011, she had to withdraw from the Green Local School District, costing her educational opportunities and depriving her of access to the public schools based on her religion; the actions and omissions of the defendants also deprived her parents of the right to educate their daughter as they saw fit and deprived them of the companionship of their daughter and both T.S. and her parents have suffered and continue to suffer severe emotional distress.

24. Despite the defendants knowing that T.S. had withdrawn from school because of the pervasive bullying and due to the school district's failure to address it, and despite knowing that T.S. was out of school and being asked by Lisa Shively to find an alternative placement for T.S., the school district defendant and defendant Nutter took three weeks to place T.S. in a suitable

alternative public school, while providing only two hours per day of tutoring for part of that three-week period, thus depriving T.S. of her educational opportunities for that period of time.

25. The failure by defendants to adequately address the bullying and harassment of T.S. over the course of years is part of a policy and practice of the Green Local School District Board of Education of violating students' rights by ignoring bullying and harassment of students by other students.

## COUNT I

26. Plaintiffs reassert the foregoing as if fully rewritten herein.

27. The actions of all defendants constitute a violation of plaintiffs' constitutional right to substantive due process pursuant to the Fourteenth Amendment of the U.S. Constitution, in that the defendants' conduct, as described above, was arbitrary and egregious, was intended to injure plaintiff in a way that was unjustifiable by any governmental interest and is the sort of governmental action that shocks the conscience.

28. As a direct result of the actions and conduct of defendants, plaintiffs suffered and continue to suffer extreme emotional pain and suffering and loss of companionship with their daughter; in T.S.'s case, she suffered extreme emotional distress and loss of educational opportunities.

## COUNT II

29.   Plaintiffs reassert the foregoing as if fully rewritten herein.

30.   The actions of all defendants, in permitting and failing to prevent or curtail the relentless bullying and harassment of T.S. due to her religion, constitute a violation of the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution.

31.   As a direct result of the actions and conduct of defendant, plaintiffs suffered and continue to suffer extreme emotional distress, loss of companionship, and in T.S.'s case, loss of educational opportunities.

## COUNT III

32.   Plaintiffs reassert the foregoing as if fully rewritten herein.

33.   The actions of all defendants, in failing to enforce plaintiff's right to be secure and to be left in alone while in school and to be free from verbal and physical assaults based on a core identifying characteristic such as religion, constitute a violation of plaintiff's constitutional rights pursuant to the First Amendment to the U.S. Constitution.

34.   As a direct result of the action and conduct of defendants, plaintiffs suffered and continue to suffer extreme emotional distress, loss of companionship, and in T.S.'s case, loss of educational opportunities.

11

<u>COUNT IV</u>

35. Plaintiffs reassert the foregoing as if fully rewritten herein.

36. The actions of all defendants, in permitting and failing to prevent or curtail the relentless bullying and harassment of T.S. due to her religion, constitute a violation of the free exercise clause of the First Amendment to the U.S. Constitution.

37. As a direct result of the actions and conduct of defendant, plaintiffs suffered and continue to suffer extreme emotional distress, loss of companionship, and in T.S.'s case, extreme emotional distress and loss of educational opportunities.

<u>COUNT V</u>

38. Plaintiffs reassert the foregoing as if fully rewritten herein.

39. The actions of defendant Green Local School District Board of Education constitute a violation of Title IX, 20 U.S.C. Section 1681 by allowing the plaintiffs' minor daughter to be harassed by other students based on gender and religion and by allowing a hostile school environment for T.S.

40. As a direct result of the actions and conduct of defendants, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship and in the case of T.S., extreme emotional distress and loss of educational opportunities.

## COUNT VI

41. Plaintiffs reassert the foregoing as if fully rewritten herein.

42. The actions of defendant Green Local School District Board of Education, in failing to properly train its officials and teachers in proper methods of recognizing, responding to and preventing bullying and harassment, and in permitting bullying and harassment, constitute a violation of defendant Green Local School District Board of Education's obligations to maintain lawful policies and procedures pursuant to Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

43. As a direct result of the actions and conduct of defendant, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship, and in T.S.'s case, extreme emotional distress and loss of educational opportunities.

## COUNT VII

44. Plaintiffs reassert the foregoing as if fully rewritten herein.

45. The actions of the individual defendants, as enumerated above, constitute negligence and/or gross negligence under state law.

46. As a direct result of the actions and conduct of defendants, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship and in the case of T.S., extreme emotional distress and loss of educational opportunities.

COUNT VIII

47. Plaintiffs reassert the foregoing as if fully rewritten herein.

48. The actions of the individual defendants constitute malicious purpose, bad faith and wanton and reckless conduct in violation of Ohio Revised Code Section 2744.03(A)(6).

49. As a direct result of the actions and conduct of defendants, plaintiffs have suffered and continue to suffer extreme emotional distress, loss of companionship and in the case of T.S., extreme emotional distress and loss of educational opportunities.

WHEREFORE, plaintiffs ask that this court grant the following relief:

> A) Declare that the acts and conduct of all defendants constitute violations of plaintiffs' constitutional, statutory and common-law rights.
>
> B) Enjoin defendants from violating the constitutional and statutory rights of its citizens.
>
> C) Grant to the plaintiffs and against all defendants, jointly and severally, an appropriate amount of compensatory damages, and against the individual defendants an appropriate amount of punitive damages.
>
> D) Grant to the plaintiffs and against all defendants, jointly and severally, appropriate costs and attorneys' fees.
>
> E) Grant to the plaintiffs whatever other relief the court deems appropriate.

Respectfully submitted,

/s/Kenneth D. Myers
KENNETH D. MYERS (0053655)
6100 Oak Tree Blvd., Suite 200
Cleveland, OH 44131
(216) 241-3900
Counsel for Plaintiffs

JURY DEMAND

Plaintiffs hereby demand a trial by jury.

/s/Kenneth D. Myers
KENNETH D. MYERS

Counsel for Plaintiffs