**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA SHIVELY, et al., | ) | CASE NO.: 5:11-cv-02398 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| | ) | |
| GREEN LOCAL SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Green Local School District Board of Education ("Board of Education" or "Defendant Board"), Michael Nutter, Wade Lucas, Cindy Brown, Mark Booth, Jeff Miller, and Jeff Wells (collectively "Defendants") submit their Reply to Plaintiffs' Response to Defendants' Motion for Judgment on the Pleadings. A memorandum in support of this Reply Brief is attached and incorporated.

Respectfully submitted,

*/s/ Maria Pearlmutter*

David Kane Smith (0016208)
Krista Keim (0067144)
Lindsay Ferg Gingo (0083607)
Maria Pearlmutter (0087745)
BRITTON SMITH PETERS
& KALAIL CO., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, OH 44131
Telephone: (216) 503-5055
Facsimile: (216) 503-5065
Email: dsmith@ohioedlaw.com
kkeim@ohioedlaw.com
lgingo@ohioedlaw.com
mpearlmutter@ohioedlaw.com

*Attorneys for Defendants*

## CERTIFICATION

I, Maria Pearlmutter, certify:

1. This case was assigned to the standard case management track on February 14, 2012.

2. Local Rule 7.1(f) provides that memoranda relating to dispositive motions must not exceed twenty (20) pages. This motion does not exceed the twenty (20) page limit authorized by the Court.

**STATEMENT OF THE ISSUES PRESENTED**

1. Whether Plaintiff Parent's personal claims under 42 U.S.C. § 1983 and Title IX are waived, where Plaintiff's Response does not address her lack of standing to bring indirect constitutional and statutory claims on her own behalf.

2. Whether Plaintiff Parent's direct claim for deprivation of educational control should be dismissed, where she fails to allege state compulsion or constraint, and also fails to plausibly allege loss of care, control, the right to raise T.S., or provide guidance related to her education.

3. Whether Plaintiffs' Substantive Due Process claims should be dismissed, where they fail to plausibly allege any element of a state-related danger claim, including affirmative state action placing T.S. specifically at risk, as distinguished from a risk affecting the public at large.

4. Whether Plaintiffs' Equal Protection claim should be dismissed, where Plaintiffs fail to allege facts showing deliberate indifference to or discrimination against them based on their religious identification or observance.

5. Whether Plaintiffs' First Amendment claims should be dismissed, where Plaintiffs invent new and unsupported interpretations of the free exercise clause, cite to case law language out of context, and fail to allege state action as required to sustain such claims.

6. Whether Plaintiffs' "policy-and-practice" claim should be dismissed, where no constitutional rights are stated in the Amended Complaint, and no allegations plausibly suggest direct causation, constructive notice to, or tacit approval by the Board of Education.

7. Whether Plaintiffs' Title IX claim should be dismissed, where Plaintiffs irrelevantly cite case law addressing rape to support a cause of action for two alleged incidents of name-calling, and where they fail to allege facts showing severe, pervasive, and objectively offensive gender-based discrimination.

8. Whether Plaintiffs' claims against the Individual Defendants in their official capacities should be dismissed, where "official-capacity" suits are to be treated as lawsuits against the political entity alone.

9. Whether Plaintiffs' claims against the Individual Defendants in their individual capacities should be dismissed, where the Amended Complaint alleges only blanket, general claims against all Defendants and fails to associate each Defendant with the contention against him or her.

10. Whether Plaintiffs' claims under 42 U.S.C. § 1983 against the Individual Defendants in their individual capacities should be dismissed, where the Individual Defendants have qualified immunity from suit.

11. Whether Plaintiffs' state law claims against the Individual Defendants should be dismissed, where they have immunity from liability under Ohio Revised Code Chapter 2744, and no facts suggesting reckless or wanton conduct are credibly alleged in the Amended Complaint.

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. LAW AND ARGUMENT .......... 2

A. THIS COURT SHOULD DISMISS ALL CLAIMS FILED BY PLAINTIFF PARENT ON HER OWN BEHALF .......... 2

1. Plaintiff Parent acknowledges she may not assert constitutional claims on her own behalf .......... 2

2. Plaintiff Parent's claim for deprivation of educational control is without merit .......... 3

B. THIS COURT SHOULD DISMISS PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM BECAUSE THEY ALLEGE NO FACT SUGGESTING A STATE-CREATED DANGER .......... 5

C. PLAINTIFFS' EQUAL PROTECTION CLAIM IS WITHOUT MERIT AND SHOULD BE DISMISSED .......... 7

D. PLAINTIFFS' FIRST AMENDMENT CLAIMS ARE INAPPOSITE AND NOT SUPPORTED BY THE ALLEGATIONS IN THE COMPLAINT .......... 10

E. COUNT VI OF THE AMENDED COMPLAINT MUST BE DISMISSED, AS PLAINTIFFS FAIL TO AVER THE REQUISITE ELEMENTS TO ASSERT BOARD LIABILITY BASED ON POLICY, CUSTOM, OR PRACTICE .......... 12

1. No clear and persistent pattern of constitutional violations is alleged in the Amended Complaint. .......... 13

2. The Amended Complaint fails to plead actual notice, constructive notice, or tacit approval by Defendant Board. .......... 14

3. Allegations in the Amended Complaint fail to suggest causation .......... 15

F. PLAINTIFFS' TITLE IX CLAIM IS UNSUPPORTED BY THE FACTS ALLEGED IN THEIR AMENDED COMPLAINT .......... 16

G. FEDERAL CLAIMS AGAINST INDIVIDUAL DEFENDANTS, IN THEIR OFFICIAL AND PERSONAL CAPACITIES, MUST BE DISMISSED .......... 18

1. Claims against the Individual Defendant in their official capacities are redundant as claims against the entity .......... 18

2. Claims against Individual Defendants in their personal capacities should be dismissed, because the Amended Complaint fails to associate these defendants with the allegations against them ..........................18

3. The doctrine of qualified immunity mandates dismissal of Plaintiffs' Claims against the Individual Defendants ..........................19

H. STATE CLAIMS AGAINST INDIVIDUAL DEFENDANTS MUST BE DISMISSED AS NO FACTS SUGGESTING RECKLESS, WANTON, OR MALICIOUS CONDUCT ARE PLED IN THE AMENDED COMPLAINT ..........................19

III. CONCLUSION ..........................20

CERTIFICATE OF SERVICE .......................... 21

# TABLE OF AUTHORITIES

*Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338 (3d Cir. 2004) ....................3

*Anspach v. City of Philadelphia,* 503 F.3d 256 (3d Cir. 2007) ....................3

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ....................7

*Banks v. Board of Educ.*, No. 99 C 5465, 1999 U.S. Dist. LEXIS 19164, 11 (N.D. Ill. Dec. 2, 1999) ....................14

*Burnett v. Hall*, No. 3:11-0279, 2011 U.S. Dist. LEXIS 107884 (M.D. Tenn. Sept. 22, 2011) ....................11

*Buster v. City of Cleveland*, No. 1:09 CV 1953, 2010 U.S. Dist. LEXIS 4696, 10 (N.D. Ohio Jan. 21, 2010) ....................18

*Connick v. Thompson*, 131 S. Ct. 1350 (2011) ....................14

*Crull v. City of New Braunfels*, 267 Fed. App'x. 338 (5th Cir. 2008) ....................9

*Ctr. for Biological Diversity v. Rural Utils. Serv.*, No. 5:08-292-JMH, 2009 U.S. Dist. LEXIS 98579, (E.D. Ky. Oct. 2, 2009) ....................2

*Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999) ....................8, 17

*Davis v. Rouse*, No. WDQ-08-3106, 2011 U.S. Dist. LEXIS 103351 (D. Md. Sept. 12, 2011) ....................14

*Deshaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989) ....................5

*Doe v. Big Walnut Local Sch. Dist. Bd. of Educ.*, 837 F. Supp. 2d 742 (S.D. Ohio 2011) .................... 14, 15

*Doe v. Claiborne County,* 103 F.3d 495 (6th Cir. 1996) .................... 12, 13

*Doe v. Dallas Indep. Sch. Dist.*, CA 3:01-cv-1092-R, 2002 U.S. Dist. LEXIS 13014, 11 (N.D. Tex. July 16, 2002) ....................13

*Estate of Brown v. Ogletree*, No. 11-cv-1491, 2012 U.S. Dist. LEXIS 21968 (S.D. Tex. Feb. 21, 2012) ....................6

*Fabrey v. McDonald Village Police Dep't*, 639 N.E.2d 31 (Ohio 1994) ....................20

*Faccio v. Eggleston*, No. 1:10-CV-783, 2011 U.S. Dist. LEXIS 93649 (N.D.N.Y Aug. 22, 2011) ....................8

*Gaines-Hanna v. Farmington Pub. Sch. Dist.*, No. 04-74910, 2007 U.S. Dist. LEXIS 29236 (E.D. Mich. Apr. 20, 2007) ........ 6

*Grieser v. Montgomery,* No. 3:11 CV 587, 2012 U.S. Dist. LEXIS 72977 (N.D. Ohio May 25, 2012) ........ 3, 17

*Harper v. Poway Unified Sch. Dist.*, 345 F. Supp. 2d 1096 (S.D. Cal. 2004) ........ 10, 11

*Hill v. City of Cincinnati*, No. 1:11-cv-830, 2012 U.S. Dist. LEXIS 61852 (S.D. Ohio Apr. 6, 2012) ........ 13, 14

*Hoskins v. Kaufman Indep. Sch. Dist.*, No. 3:03-cv-0130-D, 2003 U.S. Dist. LEXIS 11143 (N.D. Tex. June 30, 2003) ........ 16

*H.W. v. E. Sierra Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 117709 (E.D. Cal. Oct. 11, 2011) ........ 8

*Jenkings v. Rock Hill Local Sch. Dist.*, 513 F.3d 580 (6th Cir. 2008) ........ 4

*Jones v. Chicago*, 787 F.2d 200 (7th Cir. 1986) ........ 14

*Kottmyer v. Maas,* 436 F.3d 684 (6th Cir. 2006) ........ 3

*Ky. v. Graham*, 473 U.S. 159 (1985) ........ 18

*Lauderdale v. City of Arlington*, No. 3:00-cv-0553-L, 2002 U.S. Dist. LEXIS 1498 (N.D. Tex. Jan. 31, 2002) ........ 16

*Mathis v. AT&T SBC Communs.*, No. 2:10-cv-1090, 2011 U.S. Dist. LEXIS 117937 (S.D. Ohio Oct. 6, 2011) ........ 18

*Mathis v. Wayne County Bd. of Educ.,* No. 11-5979, 2012 U.S. App. LEXIS 18013 (6th Cir. 2012) ........ 18

*McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460 (6th Cir. 2006) ........ 6

*MC v. Arlington Cent. Sch. Dist.*, No. 11-CV-1835, 2012 U.S. Dist. LEXIS 103064 (S.D.N.Y. July 24, 2012) ........ 8

*Mel v. Sherwood Sch. Dist.*, No. 11-0987-AA, 2011 U.S. Dist. LEXIS 145914 (D. Or. Dec. 14, 2011) ........ 15

*Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, No. 1:09 CV 688, 2011 U.S. Dist. LEXIS 58319 (N.D. Ohio May 31, 2011) ........ 5, 12, 13, 14, 16

*Molina v. Bd. of Educ. of the Sch. Dist.,* No. 07-10948, 2007 U.S. Dist. LEXIS 91859 (E.D. Mich. Dec. 14, 2007) ........ 6

*Mozert v. Hawkins County Bd. of Education,* 827 F.2d 1058 (6th Cir. 1987) ..............................................11

*Muhammad v. Chicago Bd. of Educ.*, No. 94 C 522, 1995 U.S. Dist. LEXIS 2240 (N.D. Ill. Feb. 23, 1995) ..............................................14

*Muhammad v. Weis*, No. 08-3616, 2009 U.S. Dist. LEXIS 18841 (E.D. Pa. Mar. 10, 2009) ................18

*Okolo v. Metro. Gov't,* No. 3:11-cv-00731, 2012 U.S. Dist. LEXIS 123412 (M.D. Tenn. Aug. 30, 2012) ..............................................13

*Palmer v. Santa Rosa County*, No. 3:05cv218/MCR, 2005 U.S. Dist. LEXIS 34314 (N.D. Fla. Dec. 8, 2005) ..............................................13

*Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925) ..............................................3

*Phillips v. Anderson County Bd. of Educ.*, 259 Fed. App'x 842, (6th Cir. 2008) ..............................................2

*Preston v. Hilton Cent. Sch. Dist.*, No. 11-CV-642 OL, 2012 U.S. Dist. LEXIS 96033 (W.D.N.Y. July 11, 2012) ..............................................8

*Price v. Village of Westhampton Beach*, No. 11-CV-1811, 2012 U.S. Dist. LEXIS 13535 (E.D.N.Y. Feb. 3, 2012) ..............................................8

*Sagan v. Sumner County Bd. of Educ.*, 726 F. Supp.2d 868 (M.D. Tenn. 2010) ..............................................4

*Schaefer v. Las Cruces Pub. Sch. Dist.*, 716 F. Supp.2d 1052 (D.N.M. 2010) ..............................................8

*Sch. Dist. of Abington Twp. v. Schempp*, 374 U.S. 203 (1963) ..............................................11

*Smith v. Port Hope Sch. Dist.*, No. 05-10267, 2007 U.S. Dist. LEXIS 56932 ..............................................6 (E.D. Mich. Aug. 6, 2007)

*Sumpter-Bey v. Weatherford,* 3:11-cv-0130, 2011 U.S. Dist. LEXIS 88647 (M.D. Tenn. Aug. 9, 2011) .............................................. 11, 12

*Troxel v. Granville*, 530 U.S. 57(2000) ..............................................3

*Vance v. Spencer County Pub. Sch. Dist.*, 231 F.3d 253 (6th Cir. 2000) .............................................. 16, 17

*Vaughan v. City of Shaker Heights,* No. 1:10-cv-0609, 2011 U.S. Dist. LEXIS 136208 (N.D. Ohio Aug. 30, 2011) ..............................................20

*Weidow v. Scranton Sch. Dist.*, No. 3:08-CV-1978, 2009 U.S. Dist. LEXIS 73622 (M.D. Pa. Aug. 19, 2009) ..............................................4

*Walker v. Detroit Pub. Sch. Dist.*, No. 10-12596, 2010 U.S. Dist. LEXIS 131329 (E.D. Mich. Dec. 13, 2010) ..............................................6

*Williams v. Port Huron Sch. Dist.*, 455 Fed. App'x 612 (6th Cir. 2012) .......................................................8

*Wright v. Carroll County Bd. of Educ.,* No. 11-cv-3103, 2012 U.S. Dist. LEXIS 72598 (D. Md. May 24, 2012) .......................................................18

**<u>Statutes</u>**

Ohio Revised Code Section 2744.03 (A)(6) .......................................................2

## I. INTRODUCTION

In their Response, Plaintiffs misapply relevant standards, cite to inapposite case law, omit key language, and present contradictory, confusing arguments. At the outset, the Response fails to address Lisa Shively's ("Parent") lack of standing to assert her child's constitutional and statutory claims on her own behalf, thus implicitly acknowledging that all such claims must be dismissed. Plaintiff Parent's only direct claim, for deprivation of educational control, is also without merit as her allegations include neither a state actor nor the loss of care, custody, or control of her child's education.

Aside from these deficiencies in standing, Plaintiffs base their Substantive Due Process claim entirely on a theory of state-created danger, yet fail to allege any elements of state-created danger in their Amended Complaint. Likewise, Plaintiffs fail to assert facts suggesting they were deprived of their Equal Protection rights; the Amended Complaint simply does not allege Defendants were deliberately indifferent to or discriminated against T.S. in their response to the purported bullying. Further presenting the Court with convoluted and inapposite arguments, Plaintiffs support their First Amendment free exercise claim by citing to case law addressing school districts' rights to limit student speech, which is not related to the issues at hand. Moreover, Plaintiffs' contention that Defendant Board's policy of inaction violated their rights is meritless, as no allegations in the Amended Complaint support any element of municipal liability resulting from a policy of inaction.

In support of their Title IX claim, Plaintiffs ignore United States Supreme Court standards and request, instead, permission to transform the discovery process into a fishing expedition. Next, Plaintiffs contend that claims against Individual Defendants must proceed, erroneously concluding the Amended Complaint's blanket allegations against unnamed "school officials" suffice to associate each Defendant with the claim against him or her. The individual Defendants have a qualified immunity from suit because they did not violate, and Plaintiff Parents have not identified, any clearly

established constitutional or statutory rights. Finally, Plaintiffs have not stated any state cause of action against the Individual Defendants, who are entitled to state law immunity pursuant to O.R.C. § 2744.03 (A)(6). Even if they had, Plaintiffs' conclusory allegation that the Individual Defendants acted recklessly or wantonly is insufficient to withstand a Rule 12(c) motion. This Court should, therefore, grant Defendants judgment on the pleadings for all of Plaintiffs' claims.

## II. LAW AND ARGUMENT

### A. THIS COURT SHOULD DISMISS ALL CLAIMS FILED BY PLAINTIFF PARENT ON HER OWN BEHALF.[1]

Plaintiffs' Amended Complaint avers "the actions and omissions of the defendants also deprived her parents of the right to educate their daughter as they saw fit. . . ." Amended Complaint ¶23 ("Am. Comp."). Aside from this allegation, all asserted claims are indirect results of the purported bullying T.S. experienced. As Defendants' Motion for Judgment on the Pleadings ("Motion") elucidated, Plaintiff Parent lacks standing to bring indirect constitutional claims on her own behalf, as claims asserted under Section 1983 are cognizable only for the party whose own civil rights have been directly injured. Motion at 4-5. Plaintiffs do not dispute this in their Response, conceding the issue. Accordingly, all constitutional claims averring indirect injury to Plaintiff Parent must be dismissed. Likewise, the direct claim for deprivation of Plaintiff Parent's right to educate her daughter is also without merit, as no state action is averred in the Amended Complaint, much less state action interfering with parental custody or causing any other separation between Plaintiff Parent and child.

#### 1. Plaintiff Parent acknowledges she may not assert constitutional claims on her own behalf.

By failing to address the question in their Response, Plaintiffs presumably concede that Plaintiff Parent has no constitutional or Title IX standing to assert claims on her own behalf.

[1] All arguments that apply to Plaintiff Lisa Shively also apply equally to the estate of James Shively, should it be added as a party.

Failure to respond in opposition to an argument concedes the issue. *See, e.g. Ctr. for Biological Diversity v. Rural Utils. Serv.*, No. 5:08-292-JMH, 2009 U.S. Dist. LEXIS 98579, 9-10 (E.D. Ky. Oct. 2, 2009) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion."); *Grieser v. Montgomery*, No. 3:11 CV 587, 2012 U.S. Dist. LEXIS 72977, 21 (N.D. Ohio May 25, 2012). Likewise, Title IX claims may not be asserted by parents on their own behalf. *Phillips v. Anderson County Bd. of Educ.*, 259 Fed. App'x 842, 843 n.1 (6th Cir. 2008).

As delineated in Defendant's Motion, Plaintiff Parent lacks standing to bring all Section 1983 claims on her own behalf as she was not the party injured. For example, Plaintiff Parent does not allege Defendants discriminated against her or thwarted her personal religious observance. Further, the Sixth Circuit explicitly precludes Plaintiff Parent from bringing a Title IX claim for the alleged bullying of her child. In their response, Plaintiffs did not oppose these arguments, failing to contend that Plaintiff Parent's own Substantive Due Process, Equal Protection, First Amendment, or Title IX rights were violated. Accordingly, Plaintiff Parent's lack of standing has been resolved in Defendants' favor and Lisa Shively's personal claims must be dismissed.

**2. Plaintiff Parent's claim for deprivation of educational control is without merit.**

Parent alleges she was deprived of her right to educate her daughter when T.S. transferred to another public school. Am. Comp. ¶ 23; Response at 4. Parent's contention of direct injury, however, is supported neither by her factual allegations nor by federal jurisprudence. It is well-established that parents have a constitutional interest in the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). This right of intimate, familial association also extends to child-rearing and education. *Angstadt v. Midd-West Sch. Dis*t., 377 F.3d 338, 343 (3d Cir. 2004); *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534-535 (1925).

These rights, however, are not at issue here. At the outset, no Section 1983 claim can lie absent allegations of state action. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006); *Anspach v. City of Philadelphia*, 503 F.3d 256, 264 (3d Cir. 2007). Further, in *Jenkings v. Rock Hill Local Sch. Dist.*, the Sixth Circuit clarified that the above fundamental rights are violated only where a parent loses care, custody, control, or the right to raise her child. 513 F.3d 580, 590 (6th Cir. 2008). Accordingly, federal courts do not find a deprivation of parental rights to familial association and educational control, when districts purportedly fail to protect students. *See, e.g., Sagan v. Sumner County Bd. of Educ.*, 726 F. Supp.2d 868, 876 (M.D. Tenn. 2010) (dismissing familial associations claim asserted by parents of a handicapped child abused by her teacher); *Weidow v. Scranton Sch. Dist.*, No. 3:08-CV-1978, 2009 U.S. Dist. LEXIS 73622, 33 (M.D. Pa. Aug. 19, 2009).

In *Weidow*, for example, the district court dismissed the plaintiff's Substantive Due Process claims arising from bullying her daughter experienced. The student, a high-school girl with a disability, received homebound instruction arranged by the school because she was threatened, harassed by her peers, and feared for her safety. *Id.* at 5-7. The home instruction provided by the school was intermittent and limited in scope. *Id.* The plaintiff parent's complaint claimed, among other things, that the school's failure to act violated her fundamental liberty interest in providing care and guidance related to her daughter's education. *Id.* at 28. Citing Sixth Circuit jurisprudence, the court dismissed this claim, emphasizing no constitutional deprivations can be found without allegations of state compulsion or constraint. *Id.* at 32-33. Where a parent merely alleges state actors did not assist or foster the parent-child relationship, no fundamental liberties have been abridged. *Id.*

Here, as in *Weidow*, Plaintiff Parent alleges Defendants' actions were insufficient to prevent further instances of bullying. Am. Comp. ¶ 19. She does not allege school officials compelled T.S. to behave in a particular way or constrained her from pursuing a course of conduct. Moreover, as

noted in Defendants' Motion, Plaintiff does not aver she lost care, custody, or control of her child. Motion at 14. Instead, she avers the school provided three weeks of home-instruction before offering a suitable alternative public school for T.S. Am. Comp. ¶ 24. In light of these allegations, it is wholly implausible to posit that Plaintiff Parent can no longer participate in or guide her daughter's education; accordingly, Parent's only contention of direct injury is unsupported by her factual allegations. As noted above, Parent concedes, through her failure to respond, that she lacks standing to assert the remainder of the claims in the Amended Complaint. All claims brought by Plaintiff Parent in her individual capacity, therefore, must be dismissed.

**B. THIS COURT SHOULD DISMISS PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM BECAUSE THEY ALLEGE NO FACTS SUGGESTING A STATE-CREATED DANGER.**

Plaintiffs acknowledge school districts generally have no duty to protect students from bullying, but contend their claims fall into the "state-created danger" exception. Response at 5. As well-established by *Deshaney v. Winnebago County Dep't of Social Services*, the Fourteenth Amendment does not impose an affirmative duty upon state or local governments to aid or protect citizens from harm caused by private parties. 489 U.S. 189, 198 (1989). Exceptions exist only where there is a special relationship between the state and the person in need, or where a state actor affirmatively takes action to increase the risk of harm. *Id.* As delineated by this Court in *Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, a state-created danger claim must establish three elements:

> (1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff.

No. 1:09 CV 688, 2011 U.S. Dist. LEXIS 58319, 18 (N.D. Ohio May 31, 2011). With some similarity to the case at hand, the *Mohat* plaintiffs alleged their child was bullied and the school failed

to protect him adequately. *Id.* at 5. Pursuant to the above analysis, however, this Court found that alleged failure to intercede is not an affirmative act by a state actor; subsequently, the plaintiffs' claims were dismissed. *Id.* at 18.

Likewise, federal courts dismiss state-created danger claims before discovery where parents fail to plead facts credibly suggesting the school district increased the risk of harm to their child, beyond the risk the student would be exposed to if the district had done nothing. *Smith v. Port Hope Sch. Dist.*, No. 05-10267, 2007 U.S. Dist. LEXIS 56932, 23 (E.D. Mich. Aug. 6, 2007); *Molina v. Bd. of Educ. of the Sch. Dist.*, No. 07-10948, 2007 U.S. Dist. LEXIS 91859, 17 (E.D. Mich. Dec. 14, 2007); *See also Estate of Brown v. Ogletree*, No. 11-cv-1491, 2012 U.S. Dist. LEXIS 21968, 32-34 (S.D. Tex. Feb. 21, 2012) (allegations of culture of harassment leading to suicide insufficient to sustain state-created danger theory); *Gaines-Hanna v. Farmington Pub. Sch. Dist.*, No. 04-74910, 2007 U.S. Dist. LEXIS 29236, 16 (E.D. Mich. Apr. 20, 2007).

In *Molina*, the district court dismissed the plaintiffs' state-created danger Substantive Due Process claim. 2007 U.S. Dist. LEXIS 91859 at 17. A special education student was bullied by another child, and although the district initially separated the two, it later returned the perpetrator to the victim's classroom. Subsequently, the perpetrator assaulted the victim, resulting in the latter's perforated eardrum, closed head injury, and other damages. *Id.* at 3-5. Relying on Sixth Circuit precedent, the district court dismissed the complaint, explaining that in returning the bully to his former classroom, the school merely subjected the plaintiff to a pre-existing danger; the victim was not safer before the district's actions than he was after. *Id.* at 17.

With regard to the state's knowledge of specific danger, the third element of the state-created danger theory, the Sixth Circuit has established this element relates to the standard of deliberate indifference. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 469 (6th Cir. 2006). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." *Id.* Claims failing to suggest such knowledge or deliberate indifference on behalf of defendants are dismissed at the outset. *See, e.g. Walker v. Detroit Pub. Sch. Dist.*, No. 10-12596, 2010 U.S. Dist. LEXIS 131329, 25-26 (E.D. Mich. Dec. 13, 2010).

Here, Plaintiffs fail to present factual allegations plausibly supporting a Substantive Due Process claim based on a theory of state-created danger. Throughout the Amended Complaint, Plaintiffs repeatedly aver Defendants' failure to act resulted in harm to T.S. Am. Comp. ¶¶ 13(e)-(f), 13(j), 14, 17, 19, 20, 21, and 24. Likewise, in their response, Plaintiffs conclusively declare they have met the requirements for state-created danger because Defendants purportedly disregarded complaints and permitted bullying. Response at 5-6. As delineated above, however, contentions of failure to act are specifically dismissed by federal courts as insufficient to assert state-created danger. Further, no facially-plausible factual allegations suggest Defendants increased the risk to T.S. beyond the risk she would have been subjected to, had Defendants not acted at all. Plaintiffs do not aver that Defendants specifically paired T.S. with her alleged bullies during class time, or required her to attend after-school activities with them. Finally, the Amended Complaint alleges Defendants took action with regard to purported bullies and offered T.S. various other educational opportunities. Am. Comp. ¶¶ 13(j), 24; Response at 6-7. In light of this, claims of deliberate indifference are simply disingenuous. Plaintiffs' Substantive Due Process claim should be dismissed.

**C. PLAINTIFFS' EQUAL PROTECTION CLAIM IS WITHOUT MERIT AND SHOULD BE DISMISSED.**

Plaintiffs' Response contradicts facts alleged in their Amended Complaint. Further, the Response once again misapplies the deliberate indifference standard, and ignores persuasive case law addressing the requisite elements of an Equal Protection claim.

Plaintiffs cite to several decisions where evidence of deliberate indifference sufficed to survive a motion for summary judgment. Defendants, however, have filed a Motion for Judgment

on the Pleadings. Accordingly, Plaintiffs must aver factually plausible allegations, and threadbare recitals of the elements of a cause of action do not suffice to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A successful claim of deliberate indifference requires a showing that "the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Williams v. Port Huron Sch. Dist.*, 455 Fed. App'x 612, 618 (6th Cir. 2012). Notably, school officials are not required to take particular disciplinary action, remedy harassment, or even suspend offenders. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 648-49 (1999). Courts are instructed not to second-guess administrative disciplinary decisions, provided officials are not deliberately indifferent. *Id.* Accordingly, federal courts dismiss Equal Protection claims prior to discovery, where allegations of deliberate indifference are coupled with descriptions of school efforts to address inappropriate conduct. *See, e.g. Schaefer v. Las Cruces Pub. Sch. Dist.*, 716 F. Supp.2d 1052, 1069 (D.N.M. 2010); *H.W. v. E. Sierra Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 117709, 10 (E.D. Cal. Oct. 11, 2011).

Further, although disregarded in Plaintiffs' Response, considerable persuasive case law suggests plaintiffs alleging deliberate indifference to student-on-student harassment must also plead facially plausible facts indicating the inaction treated students differently because of their membership in the protected category. *Schaefer*, 716 F. Supp. 2d at 1067 ("The Defendants did not treat any student or group of students differently than any other 'similarly situation' group of students. Their inactions treated all students equally."); *Faccio v. Eggleston*, No. 1:10-CV-783, 2011 U.S. Dist. LEXIS 93649, 29 (N.D.N.Y Aug. 22, 2011); *Preston v. Hilton Cent. Sch. Dist.*, No. 11-CV-642 OL, 2012 U.S. Dist. LEXIS 96033, 20-21 (W.D.N.Y. July 11, 2012); *MC v. Arlington Cent. Sch. Dist.*, No. 11-CV-1835, 2012 U.S. Dist. LEXIS 103064, 28 (S.D.N.Y. July 24, 2012); *see also Price v. Village of Westhampton Beach*, No. 11-CV-1811, 2012 U.S. Dist. LEXIS 13535, 10 (E.D.N.Y. Feb. 3,

2012); *Price v. Village of Westhampton Beach*, No. 11-CV-1811, 2012 U.S. Dist. LEXIS 13535, 10 (E.D.N.Y. Feb. 3, 2012). As noted in federal circuit courts, "[t]he essence of an equal protection claim is that the plaintiff was treated differently than similarly situated persons." *Crull v. City of New Braunfels*, 267 Fed. App'x. 338, 341 (5th Cir. 2008).

In *Preston*, for example, the district court dismissed the plaintiffs' Equal Protection claims arising from daily harassment and bullying experienced by a high school student with Asperger's syndrome. 2012 U.S. Dist. LEXIS 96033, 20-22. The complaint alleged the student was subjected to constant vulgar and offensive taunts, questions about his orientation, and requests for sexual favors. *Id.* at 5-7. The court dismissed these claims, noting "plaintiffs have failed to set forth any supporting facts that would render these conclusory allegations plausible, such as facts identifying similarly-situated students or describing the treatment of female complainants by the defendants in like circumstances." *Id.* In other words, failure to plead that similarly-situated students outside the protected class were treated differently is fatal to an Equal Protection claim.

Here, Plaintiffs' Amended Complaint explicitly avers Defendants generally ignored student-on-student harassment, to the extent that such inaction purportedly became entrenched as a District policy or practice. Am. Comp. ¶ 25. Plaintiffs' Response, however, contradicts this allegation and declares that "not all Green students, or even other Green students, were harassed." Response at 7. If no other students are alleged to have been harassed, it is difficult to imagine how Plaintiffs can secure a similarly-situated comparison group of gentile pupils, or show a policy or practice of Defendants' inaction towards Jewish students.

Importantly, even if deliberate indifference is all that is required to state a claim under the Equal Protection clause, Plaintiffs have failed. Plaintiffs mistakenly announce that allegations of bullying require an "appropriate response" by schools wishing to avoid liability. Response at 7. Plaintiffs are not entitled to impose upon Defendants, or this Court, their own notions of what

appropriate disciplinary actions might be, and they are also not entitled to demand all harassment be remedied at their behest. Plaintiffs avoid dismissal only if they plead plausible facts supporting deliberate indifference on the part of Defendants; at a minimum, they must allege facts showing Defendants' response was clearly unreasonable in light of the known circumstances. Instead, their Amended Complaint notes Defendants not only disciplined offenders, but also offered T.S. alternative educational solutions. Am. Comp. 13(j), 24; Response at 7. Plaintiffs cannot, therefore, plausibly aver deliberate indifference, and certainly cannot aver Defendants' discriminatory intent through a similarly-situated group comparison. Plaintiffs' Equal Protection claim must be dismissed.

### D. PLAINTIFFS' FIRST AMENDMENT CLAIMS ARE INAPPOSITE AND NOT SUPPORTED BY THE ALLEGATIONS IN THE AMENDED COMPLAINT.

Plaintiffs' Response conflates Count III and IV, addresses irrelevant free speech case law, and invents novel interpretations of the free exercise clause. At the outset, Plaintiffs fail to explicate any relevant distinction between the allegations in Counts III and IV. As per their Response, Count III alleges T.S. was "punished for exercising her right to identify herself as Jewish, which right the defendants failed to enforce," and Count IV alleges "that the defendants, by allowing religion-based bullying and harassment, violated T.S's right to the free exercise of her religion. . . ." Response at 10. Defendants cannot identify any difference between these two allegations; both claim Defendants violated Plaintiffs' right to exercise her religion. Defendants' Motion extensively addressed the inchoate, conclusory nature of Count III. Motion at 16-18.

To support their free exercise claim, Plaintiffs cite to irrelevant case law and quote passages out of context. Response at 9-10. For example, the decision of the *Harper v. Poway Unified Sch. Dist.* court, extensively cited by Plaintiffs, dismissed the plaintiff's free exercise claims and held for defendant school district. 445 F.3d 1166, 1191-92 (9th Cir. 2006). The Ninth Circuit affirmed the lower court's denial of a preliminary injunction for plaintiff student's free speech claim, and

dismissal of his free exercise claim. *Id.* The local school district prohibited the plaintiff from wearing a t-shirt deemed hostile to gay and lesbian students. The court held this type of speech was offensive and school officials could regulate such attire; in fact, the first two paragraphs cited in Plaintiffs' Response explain that regulation of offensive attire, should a school chose to do so, is appropriate because of the potential harm to gay and lesbian adolescents. *Id.* at 1178-79; Reply at 9. The appellate court here addressed whether a school may regulate such conduct and speech, should it wish to do so, not the imposition of any mandated response to bullying or other inappropriate student conduct.

With regard to their free exercise claims, Plaintiffs' Response continues to quote the *Harper* decision out of context and omits key language. Response at 9. For example, although the court delineates the contours of the free exercise clause, it shortly determines that "there is no evidence in the record that the school representatives sought to change Harper's religious beliefs." *Id.* at 1189. Plaintiffs fail to note that their cited case law stands for a proposition in direct opposition to their own argument.

As for the remainder of Plaintiffs' free exercise contentions, no case law exists, or is cited, in support of their claims. To avoid dismissal, Plaintiffs must plead facially plausible facts indicating that Defendants' actions had a coercive effect on their religious practice. *Sch. Dist. of Abington Twp. v. Schempp*, 374 U.S. 203, 223 (1963); *Mozert v. Hawkins County Bd. of Education*, 827 F.2d 1058, 1068 (6th Cir. 1987). As explicated in Defendants' Motion, free exercise claims are dismissed before discovery where no plausible facts allege coercive governmental action. *See, e.g. Burnett v. Hall*, No. 3:11-0279, 2011 U.S. Dist. LEXIS 107884, 9-10 (M.D. Tenn. Sept. 22, 2011); *Sumpter-Bey v. Weatherford*, 3:11-cv-0130, 2011 U.S. Dist. LEXIS 88647, 8 (M.D. Tenn. Aug. 9, 2011).

No factual allegations suggest Defendants coerced Plaintiffs with regard to their religious practice. The Amended Complaint does not aver Defendants chilled T.S.'s practice of Judaism or

even her identification as a Jew. For example, there are no allegations that Defendants limited T.S's ability to wear attire or jewelry identifying her as a Jew, prohibited her from mentioning her faith, or disciplined her for any Judaism-related conduct. Further, the Amended Complaint does not include any suggestions that T.S. or her family curtailed their identification as Jews, hid their beliefs, or limited their religious practice in any way. Plaintiffs' conjectures regarding "messages" purportedly resulting from Defendants' alleged failures to prevent bullying are just that, conjectures and speculation. Simply, there are no facially plausible allegations stating a claim for deprivation of free exercise rights; accordingly Claims III and IV should be dismissed.

**E. COUNT VI OF THE AMENDED COMPLAINT MUST BE DISMISSED, AS PLAINTIFFS FAIL TO AVER THE REQUISITE ELEMENTS TO ASSERT BOARD LIABILITY BASED ON POLICY, CUSTOM, OR PRACTICE.**

To hold Defendant Board liable pursuant to *Sumpter-Bey v. Weatherford*, 3:11-cv-0130, 2011 U.S. Dist. LEXIS 88647, 8 (M.D. Tenn. Aug. 9, 2011). Plaintiffs must establish they have "asserted the deprivation of a constitutional right, and that the Board is responsible for the violation because of an official policy or custom." *Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, 1:09 CV 688, 2011 U.S. Dist. LEXIS 58319, 20 (N.D. Ohio May 31, 2011). As delineated above, no constitutional right is implicated in Plaintiffs' Amended Complaint; their Substantive Due Process, Equal Protection, and First Amendment claims do not meet *Iqbal* plausibility standards and cannot avoid a motion to dismiss.

In their Response, however, Plaintiffs summarily declare their claims as satisfactory to hold Defendant Board liable for a policy of inaction. Response at 12. Under *Claiborne*, Plaintiffs must establish:

> (1) the existence of a clear and persistent pattern of [a violation of a constitutional right] by school employees; (2) notice or constructive notice on the part of the School Board; (3) the School Board's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official

> policy of inaction; and (4) that the School Board's custom was the 'moving force' or direct causal link in the constitutional deprivation.

*Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996); *Mohat*, 2011 U.S. Dist. LEXIS 58319 at *21. In fact, Plaintiffs fail to plead plausible facts meeting even one element of the above standard.

**1. No clear and persistent pattern of constitutional violations is alleged in the Amended Complaint.**

To avoid dismissal, Plaintiffs must allege credible facts suggesting a pattern of deliberate, intentional indifference to violations of students' constitutional rights. *Claiborne County*, 103 F.3d at 508. Federal courts dismiss claims prior to discovery where plaintiffs fail to plead facts suggesting a municipality's failure to act reflected a clear and persistent pattern of constitutional violations. *See, e.g., Hill v. City of Cincinnati*, No. 1:11-cv-830, 2012 U.S. Dist. LEXIS 61852, 8 (S.D. Ohio Apr. 6, 2012) (The only facts alleged by Plaintiff relate to her individual circumstances. . . . ") *Okolo v. Metro. Gov't*, No. 3:11-cv-00731, 2012 U.S. Dist. LEXIS 123412, 20 (M.D. Tenn. Aug. 30, 2012); *Doe v. Dallas Indep. Sch. Dist.*, CA 3:01-cv-1092-R, 2002 U.S. Dist. LEXIS 13014, 11 (N.D. Tex. July 16, 2002); *Palmer v. Santa Rosa County*, No. 3:05cv218/MCR, 2005 U.S. Dist. LEXIS 34314, 23 (N.D. Fla. Dec. 8, 2005). Notably, no pattern of deliberate indifference is found where plaintiffs allege inaction relative to incidents pertaining only to them. *Hill*, 2012 U.S. Dist. LEXIS 61852 at 8. The *Hill* court, for example, dismissed plaintiff cab driver's constitutional claims, because all her allegations of police harassment related only to her individual situation; no clear and persistent pattern was adequately pled. *Id.*

Here, Plaintiffs clarify they do not claim "all Green students, or even other Green students, were harassed." Response at 7. Without an allegation that other students were harassed, it is implausible to assert that Defendant Board's failure to act reflected a clear and persistent pattern of constitutional violations. Plaintiffs assert their allegations pertain solely to T.S.'s experiences; accordingly, no persistent pattern can be found. Even construing Plaintiffs' contentions in a light

most favorable to them, no reasonable inferences permit a finding of Board liability under *Monell's* inaction theory.

**2. The Amended Complaint fails to plead actual notice, constructive notice, or tacit approval by Defendant Board.**

Although notice to the Board is essential to a finding of liability, the Amended Complaint fails to plead factual allegations suggesting either actual or constructive notice. Without plausible allegations of actual or constructive notice to a municipality, federal courts routinely dismiss policy-of-inaction claims. *Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, No. 1:09 CV 688, 2011 U.S. Dist. LEXIS 58319, 22 (N.D. Ohio May 31, 2011) ("...[T]here was no allegation that the Board had been notified that this was occurring, or that they would have condoned the teacher's alleged disregard for the situation."); *Davis v. Rouse*, No. WDQ-08-3106, 2011 U.S. Dist. LEXIS 103351, 11 (D. Md. Sept. 12, 2011); *Banks v. Board of Educ.*, No. 99 C 5465, 1999 U.S. Dist. LEXIS 19164, 11 (N.D. Ill. Dec. 2, 1999); *Muhammad v. Chicago Bd. of Educ.*, No. 94 C 522, 1995 U.S. Dist. LEXIS 2240, 12 (N.D. Ill. Feb. 23, 1995); *See also, Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011). Constructive notice can be inferred only where the injury is caused by systemic faults. *Hill v. Bradley County Bd. of Educ.*, No. 1:05-cv-279, 2007 U.S. Dist. LEXIS 85394, 56 (E.D. Tenn. Nov. 19, 2007) ("Thus evidence is lacking of a pervasive and systemic failure to meet students needs as required to give constructive notice to the Board of Education of a violation of federal law."); *Muhammad*, 1995 U.S. Dist. LEXIS 2240 at 11, citing *Jones v. Chicago*, 787 F.2d 200, 204 (7th Cir. 1986).

It is axiomatic that without actual or constructive knowledge of the purported inaction, there can be no tacit approval of such inaction by the Board. Further, the existence of a formal Board policy against bullying has been interpreted by federal courts to point against tacit Board approval.[2]

[2] Plaintiffs' Response confuses and misconstrues the court's analysis regarding appropriate inferences to be made from official anti-bullying policies. Response at 12. The *Big Walnut* court explicitly granted defendant school board's motion, noting there was no "evidence that Big Walnut's Board of Education tacitly approved the alleged unconstitutional conduct especially

*Doe v. Big Walnut Local Sch. Dist. Bd. of Educ.*, 837 F. Supp. 2d 742, 755 (S.D. Ohio 2011); M*el v. Sherwood Sch. Dist.*, No. 11-0987-AA, 2011 U.S. Dist. LEXIS 145914, 25 (D. Or. Dec. 14, 2011).

Plaintiffs' Amended Complaint fails to plausibly allege facts suggesting actual or constructive knowledge on the part of the Defendant Board. There are no contentions that Plaintiff Parent filed reports with the Board, met with individual Board members, or requested a hearing regarding her concerns. Likewise, because Plaintiffs explicitly aver they do not claim other students were harassed (Response at 7), no constructive notice is credibly alleged either. Plaintiffs' bald-faced assertion that "defendants knew or should have known about this constant harassment" (Am. Comp. ¶15) is simply incompatible with their admission they do not claim other children were harassed and "that the Board itself or its individual members did not personally know about T.S's complaints." Response at 7, 12. In other words, if Plaintiffs aver T.S. was possibly the only child bullied, and that the Board had no personal knowledge regarding her alleged troubles, there simply cannot be any plausible allegations of Defendant Board's systemic failure to act. Contentions of actual or constructive knowledge on behalf of the Board, therefore, are spurious and without merit. Further, because no allegations support the Board's actual or constructive knowledge, it is impossible to plausibly allege the Board's tacit approval of the purported inaction, particularly in light of the Board's existing anti-bullying policies.

**3. Allegations in the Amended Complaint fail to suggest causation.**

Contrary to Plaintiffs' assertions, causation is a critical element of a policy-of-inaction claim; absent a pleading of plausible facts showing causation, courts dismiss liability claims against municipalities before discovery. *Mohat v. Mentor Exempted Vill. Sch. Dist. Bd. of Educ.*, No. 1:09 CV

---

considering that Big Walnut had anti-bullying policies in place both before and after the fight on April 17th. Even assuming that school employees somehow acted contrary to any these anti-bullying policies, Big Walnut cannot be held liable for such behavior because such alleged action would be a departure from Big Walnut's adopted policies." *Big Walnut Local Sch. Dist. Bd. of Educ.*, 837 F. Supp. 2d at 755. Plaintiffs' convoluted interpretation of this holding is incompatible with the plain, simple meaning of the text.

688, 2011 U.S. Dist. LEXIS 58319, 22-23 (N.D. Ohio May 31, 2011) ("Finally, there is no allegation that any action by the Board could have prevented Eric from being bullied, or ultimately from deciding to commit suicide, such that the alleged inaction could be considered the "moving force" or direct causal link for any alleged constitutional deprivation."); *Hoskins v. Kaufman Indep. Sch. Dist.*, No. 3:03-cv-0130-D, 2003 U.S. Dist. LEXIS 11143, 24 (N.D. Tex. June 30, 2003); *Lauderdale v. City of Arlington*, No. 3:00-cv-0553-L, 2002 U.S. Dist. LEXIS 1498, 15 (N.D. Tex. Jan. 31, 2002).

Plaintiffs do not plead a direct causal link between the purported inaction and the alleged harm to T.S. In fact, the Amended Complaint fails to suggest any action the Board could have taken to prevent the averred harassment. Nonsensically, Plaintiffs' Response claims the Board could have prevented teasing or bullying by firing "any employee who is found to have tolerated one student calling another" offensive expletives. Response at 13. Proposing firing school staff as a way to prevent students from insulting each other is either disingenuous or evidences a fundamental misunderstanding of schoolchildren and their conduct. Because Plaintiffs' Amended Complaint presents no plausible allegations meeting the elements needed to establish Board liability, Count VI should be dismissed.

**F. PLAINTIFFS' TITLE IX CLAIM IS UNSUPPORTED BY THE FACTS ALLEGED IN THEIR AMENDED COMPLAINT.**

Disregarding United States Supreme Court precedent, Plaintiffs proceed to defend their Title IX claim. In doing so, Plaintiffs compare two alleged instances of gender-related name calling to case law addressing rape and attempted rape perpetrated upon young children. Response at 14-15.[3] Further, redundantly asserting the Defendants' deliberate indifference to T.S.'s alleged bullying, Plaintiffs ignore contradictory pleadings in their own Amended Complaint.

[3] In *Vance*, a middle-school female suffered daily molestation and one instance of attempted rape. *Vance v. Spencer County Pub. Sch. Dist.*, 231 F.3d 253, 256 (6th Cir. 2000). In *Mathis*, the plaintiffs' seventh grade son was anally penetrated with a writing utensil. *Mathis v. Wayne County Bd. of Educ.*, No. 11-5979, 2012 U.S. App. LEXIS 18013, 3 (6th Cir. 2012).

The United States Supreme Court has made it explicitly clear that simple acts of teasing and name-calling, even when gender based, will not suffice to state a claim under Title IX. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 652 (1999) ("Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender."). Further, Sixth Circuit jurisprudence has long since established that the deliberate indifference standard applies only where the defendants' response is clearly unreasonable in light of the known circumstances. *Vance v. Spencer County Pub. Sch. Dist.*, 231 F.3d 253, 260 (6th Cir. 2000). As Plaintiffs admit in their Response, schools are not required to prevent harassment, take particular disciplinary actions, or be subjected to second-guessing by the courts. *Id.*

Ignoring the Supreme Court's position on gender-based name calling, Plaintiffs claim Defendant Board incurs Title IX liability for the two purported instances where T.S. was called a whore.[4] Further, Plaintiffs aver the discipline meted out by school officials, as averred in their Amended Complaint, was insufficient, disregarding the above-referenced Sixth Circuit precedent precluding demands for particular disciplinary action and second-guessing by the courts. Response at 15. Finally, Plaintiffs request permission to conduct a fishing expedition, asserting they are entitled to discovery to determine additional motives for alleged harassment or bullying. Response at 16. This Court has already established that a plaintiff's "mere, unsubstantiated hope that discovery may yield evidence [in support of its claim] is insufficient to withstand a motion to dismiss." *Grieser v. Montgomery*, 3:11 CV 587, 2012 U.S. Dist. LEXIS 72977, 21 (N.D. Ohio May 25, 2012). Accordingly, Plaintiffs' Title IX claim is unsupported by their factual allegations and must be dismissed.

---

[4] One instance, as Plaintiffs admit, was an alleged Facebook posting, an activity arguably beyond the school district's control. Response at 15.

## G. FEDERAL CLAIMS AGAINST INDIVIDUAL DEFENDANTS, IN THEIR OFFICIAL AND PERSONAL CAPACITIES, MUST BE DISMISSED.

### 1. Claims against the Individual Defendants in their official capacities are redundant as claims against the entity.

Absent any citations to case law, Plaintiffs assert that Defendants must not ask for dismissal of claims against Individual Defendants in their official capacities if they also ask for dismissal of claims against the entity. Response at 16. This argument is confusing and evidences a misunderstanding of the relevant case law. Official-capacity suits are considered to be suits against the entity. *Ky. v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, regardless of whether the court dismisses Plaintiffs' claims against Defendant Board of Education, official-capacity claims against the Individual Defendants are redundant and should be eliminated at the earliest possible stages.

### 2. Claims against Individual Defendants in their personal capacities should be dismissed because the Amended Complaint fails to associate these Defendants with the allegations against them.

To sustain an action against a particular defendant, it is insufficient to simply name the individual in the caption of the complaint; the complaint must also contain sufficient facts to reasonably associate the defendant to the presented claim. *Buster v. City of Cleveland*, No. 1:09 CV 1953, 2010 U.S. Dist. LEXIS 4696, 10 (N.D. Ohio Jan. 21, 2010). In the absence of particular allegations against specific defendants, claims against those defendants are dismissed before discovery. *Id.*; *Wright v. Carroll County Bd. of Educ.*, No. 11-cv-3103, 2012 U.S. Dist. LEXIS 72598, 39 (D. Md. May 24, 2012); *Mathis v. AT&T SBC Communs.*, No. 2:10-cv-1090, 2011 U.S. Dist. LEXIS 117937, 8 (S.D. Ohio Oct. 6, 2011); *Muhammad v. Weis*, No. 08-3616, 2009 U.S. Dist. LEXIS 18841, 6 (E.D. Pa. Mar. 10, 2009) ("Furthermore, many of Plaintiff's claims violate Federal Rule of Civil Procedure 8(a), insofar as they consist of blanket allegations against entire groups of individual defendants, but do not describe how each individual actor within the group contributed to the alleged harm.")

The Amended Complaint alleges that, on one occasion, Plaintiff Parent spoke to Defendant Wade Lucas. Am. Comp. ¶ 13(e). Additionally, the Amended Complaint contends that Plaintiff Parent related her concerns to Defendant Mark Booth, and that Defendant Mike Nutter placed T.S. in a suitable alternative public school. Am. Comp. ¶¶ 18, 24. Other than those infrequent exchanges, no allegations of facts are associated with any Individual Defendants– no specific allegations are made against Defendants Cindy Brown, Jeff Miller, and Jeff Wells. Instead, Plaintiff Parent avers she complained numerous times to unnamed "school officials," a guidance counselor, and a resource officer. Am. Comp. ¶¶ 16-17. Plaintiffs conclude that Defendants generally knew of T.S.'s bullying, failed to stop the harassment, failed to discipline the perpetrators, and displayed deliberate indifference to Plaintiffs' plight. Am. Comp. ¶¶ 19-23. These blanket allegations fail to describe how each named Defendant contributed to the purported harm and do not present enough factual allegations to reasonably associate each Defendant to the stated claims. The pleading standards of *Twombly* and *Iqbal* remain unmet; accordingly, Plaintiffs' claims against Individual Defendants should be dismissed.

**3. The doctrine of qualified immunity mandates dismissal of Plaintiffs' claims against the Individual Defendants.**

Plaintiffs admit the Individual Defendants are entitled to qualified immunity if no constitutional violations are found. Response at 18. As discussed above, Plaintiffs' factual allegations fail to meet the requisite elements of viable claims under the Substantive Due Process, Equal Protection, or free exercise clause of the First Amendment. II.B-D.

**H. STATE CLAIMS AGAINST INDIVIDUAL DEFENDANTS MUST BE DISMISSED AS NO FACTS SUGGESTING RECKLESS, WANTON, OR MALICIOUS CONDUCT ARE PLED IN THE AMENDED COMPLAINT.**

In their Response, Plaintiffs admit the Individual Defendants are entitled to state law immunity, provided Plaintiffs' factual allegations are insufficient to state a claim for wanton, reckless,

malicious acts or those done in bad faith. Response at 19. This admission effectively disposes of Count VII in the Amended Complaint, which alleges only negligence or gross negligence. Plaintiffs then disregard relevant case law and summarily conclude Defendants acted wantonly and recklessly. As noted in Plaintiffs' very own Response, wanton action takes place only when there is a complete failure to exercise any care whatsoever. *Fabrey v. McDonald Village Police Dep't*, 639 N.E.2d 31, 35 (Ohio 1994); *Vaughan v. City of Shaker Heights*, No. 1:10-cv-0609, 2011 U.S. Dist. LEXIS 136208, 30 (N.D. Ohio Aug. 30, 2011). Recklessness is relevant only where a state employee fails to act where a reasonable person would have realized that such a failure creates an unreasonable risk of *physical harm* to another. *Id.* at ¶ 31(emphasis added).

The allegations in the Amended Complaint belie Plaintiffs' claims of wanton acts or reckless conduct. Plaintiffs aver school officials disciplined alleged perpetrators. Am. Comp. ¶ 13(e). Plaintiffs aver Defendant Mike Nutter offered T.S. a suitable alternative educational program. Am. Comp. ¶ 24. In light of these statements, contentions that Defendants "failure to exercise any care whatsoever" are spurious and untenable. Likewise, the Amended Complaint alleges T.S. experienced two incidents of physical harm over a four year time span. Am. Comp. ¶¶ 13(d), 13(h). Reckless conduct, therefore, is not a plausible contention; no unreasonable risk of physical harm to T.S. can be credibly inferred from Plaintiffs' Amended Complaint. Defendants are entitled to state law immunity, pursuant to O.R.C. § 2744.03 (A)(6), and Counts VII and VIII should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Defendants Green Local School District Board of Education, Michael Nutter, Wade Lucas, Cindy Brown, Mark Booth, Jeff Miller, and Jeff Wells respectfully request a dismissal of all claims in Plaintiffs' Amended Complaint.

Respectfully submitted,

*/s/ Maria Pearlmutter*

David Kane Smith (0016208)
Krista Keim (0067144)
Lindsay Ferg Gingo (0083607)
Maria Pearlmutter (0087745)
BRITTON SMITH PETERS
& KALAIL CO., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, OH 44131
Telephone: (216) 503-5055
Facsimile: (216) 503-5065
Email: dsmith@ohioedlaw.com
kkeim@ohioedlaw.com
lgingo@ohioedlaw.com
mpearlmutter@ohioedlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September, 2012, a copy of the foregoing *Defendants' Reply to Plaintiffs' Response to Motion for Judgment on the Pleadings* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Maria Pearlmutter*
*One of the Attorneys for Defendants*